# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: August 29, 2022

| | | |
|---|---|---|
| * * * * * * * * * * * * | | |
| TIMOTHY KOLLER, | * | PUBLISHED |
| | * | |
| Petitioner, | * | No. 16-439V |
| | * | |
| v. | * | |
| | * | Special Master Gowen |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | Decision on Damages; Proffer; |
| | * | Guillain-Barre Syndrome ("GBS"); |
| Respondent. | * | Pneumococcal Conjugate |
| | * | Vaccination ("Prevnar") |
| * * * * * * * * * * * * | | |

*Maximillian J. Muller,* Muller Brazil, LLP, Dresher, PA, for petitioner.
*Dhairya D. Jani,* U.S. Department of Justice, Washington, D.C., for respondent.

## DECISION ON DAMAGES[1]

On April 6, 2016, Timothy Koller ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program.[2] Petitioner alleged that the pneumococcal conjugate vaccination ("Prevnar 13" or "Prevnar") he received on May 13, 2015 was the cause-in-fact of his Guillain-Barré Syndrome ("GBS"). On October 8, 2021, I issued a Ruling on Entitlement, finding that petitioner established he suffered GBS as a result of the Prevnar vaccine and was entitled to compensation. Ruling on Entitlement (ECF No. 70).

---

[1] In accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012), because this opinion contains a reasoned explanation for the action in this case, **this opinion will be posted on the website of the United States Court of Federal Claims**. This means the opinion will be available to anyone with access to the internet. As provided by 42 U.S.C. § 300aa-12(d)(4)B), however, the parties may object to the published Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). **If neither party files a motion for redaction within 14 days, the entire opinion will be posted on the website and available to the public in its current form.** *Id.*

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 to 34 (2012) (hereinafter "Vaccine Act" or "the Act"). Hereinafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

On August 29, 2022, respondent filed a Proffer of Award of Compensation, which indicates petitioner's agreement to compensation on the terms set forth therein. Proffer (ECF No. 85). The proffer is attached hereto as Appendix A.

**Consistent with the terms in the attached Proffer, I hereby award the following in compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a):**

1) **A lump sum payment of $127,500.00 in pain and suffering, in the form of a check payable to petitioner.**

The Clerk of the Court is directed to **ENTER JUDGMENT** in accordance with this decision.[3]

**IT IS SO ORDERED.**

                                                    **s/Thomas L. Gowen**
                                                    Thomas L. Gowen
                                                    Special Master

---

[3] Entry of judgment is expedited by each party's filing notice renouncing the right to seek review. Vaccine Rule 11(a).

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| TIMOTHY KOLLER, | \* |
| Petitioner, | \* |
| v. | \* No. 16-439V (ECF) |
| | \* SPECIAL MASTER |
| | \* THOMAS L. GOWEN |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | \* |
| Respondent. | \* |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**RESPONDENT'S PROFFER ON AWARD OF COMPENSATION**

On April 6, 2016, Timothy Koller ("petitioner") filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, as amended ("the Vaccine Act" or "the Act"), 42 U.S.C. §§ 300aa-1 to –34. Petitioner alleges that he suffered Guillain-Barré syndrome that was caused by his receipt of a pneumococcal conjugate vaccination on May 13, 2015. Petition, ECF No. 1.

On March 8, 2017, respondent filed his Rule 4(c) report recommending against compensation. Respondent's Report, ECF No. 26. On October 8, 2021, the Special Master issued a Ruling on Entitlement, finding that petitioner is entitled to compensation. ECF No. 70. Respondent now proffers the following regarding the amount of compensation to be awarded.[1]

---

[1] The parties have no objection to the amount of the proffered award of damages. However, respondent reserves his right, pursuant to 42 U.S.C. § 300aa-12(e), to seek review of the Special Master's October 8, 2021 ruling on entitlement, finding petitioner entitled to an award under the Vaccine Act. This right accrues following issuance of the damages decision.

1

I.   **Amount of Compensation**

Respondent proffers that petitioner should be awarded $127,500.00 in pain and suffering. *See* 42 U.S.C. § 300aa-15(a)(4). Petitioner agrees. This amount represents all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a). Petitioner agrees.

II.  **Form of the Award**

Petitioner is a competent adult. Evidence of guardianship is not required in this case. Respondent recommends that the compensation provided to petitioner should be made through a lump sum payment as described below and requests that the Special Master's decision and the Court's judgment award the following[2]: a lump sum payment of $127,500.00, in the form of a check payable to petitioner.

III. **Summary of Recommended Payments Following Judgment**

Lump sum payable to petitioner, Timothy Koller:            **$127,500.00**

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

---

[2] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future lost earnings and future pain and suffering.

        LARA A. ENGLUND
        Assistant Director
        Torts Branch, Civil Division

        ***/s/ DHAIRYA D. JANI***
        DHAIRYA D. JANI
        Trial Attorney
        U.S. Department of Justice
        Torts Branch, Civil Division
        P.O. Box 146
        Benjamin Franklin Station
        Washington, D.C. 20044-0146
        Tel:  (202) 616-4356
        Email:  Dhairya.Jani@usdoj.gov

Dated:  <u>August 29, 2022</u>