# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: March 16, 2023

| | | |
|---|---|---|
| * * * * * * * * * * * * * | | |
| TIMOTHY KOLLER, | * | UNPUBLISHED |
| | * | |
| Petitioner, | * | No. 16-439V |
| | * | Special Master Gowen |
| v. | * | |
| | * | Attorneys' Fees and Costs |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * | | |

*Maximillian J. Muller*, Muller Brazil, LLP, Dresher, PA, for Petitioner.
*Lara A. Englund*, United States Department of Justice, Washington, DC, for Respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

On September 22, 2022, Timothy Koller ("Petitioner") filed a motion for attorneys' fees and costs. Motion for Attorney Fees and Costs ("Fees App.") (ECF No. 91). For the reasons discussed below, I **GRANT** Petitioner's motion for attorneys' fees and costs and award a total of **$122,111.26.**

I. **Procedural History**

On April 6, 2016, Petitioner filed a petition in the National Vaccine Injury Compensation Program.[2] Petitioner alleged that the pneumococcal conjugate vaccination he received on May 13, 2015, was the cause-in-fact of his Guillain-Barré syndrome. *See* Petition (ECF No. 1). I held an entitlement hearing in Washington, DC, on February 6, 2020, and on October 8, 2021, I issued a

---

[1] I intend to post this Ruling on the United States Court of Federal Claims' website. **This means the Ruling will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) ("Vaccine Act" or "the Act"). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

Ruling on Entitlement finding that petitioner was entitled to compensation. (ECF No. 70). Thereafter, the parties engaged in settlement discussions concerning damages and on August 29, 2022, the parties filed a proffer, which I adopted as my decision awarding compensation on the same day. (ECF No. 86).

On September 22, 2022, Petitioner filed a motion for final attorneys' fees. Petitioner requests compensation in the total amount of $123,111.26, representing $89,635.70 in attorneys' fees and $33,475.56 in costs. Fees App. at 2. Pursuant to General Order No. 9, Petitioner warrants he has not personally incurred any costs in pursuit of this claim. *Id*. Respondent reacted to the fees motion on September 25, 2022, stating that "Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Response at 2. (ECF No. 92). Petitioner did not file a reply thereafter.

The matter is now ripe for adjudication.

II. **Analysis**

Section 15(e) (1) of the Vaccine Act allows for the Special Master to award "reasonable attorneys' fees, and other costs." § 300aa–15(e)(1)(A)–(B). Petitioners are entitled to an award of reasonable attorneys' fees and costs if they are entitled to compensation under the Vaccine Act, or, even if they are unsuccessful, they are eligible so long as the Special Master finds that the petition was filed in good faith and with a reasonable basis. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008). Here, because Petitioner was awarded compensation pursuant to a stipulation, he is entitled to a final award of reasonable attorneys' fees and costs.

Petitioners "bea[r] the burden of establishing the hours expended, the rates charged, and the expenses incurred" are reasonable. *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 484 (1993). Adequate proof of the claimed fees and costs should be presented when the motion is filed. *Id.* at 484 n. 1. The special master has the discretion to reduce awards *sua sponte*, independent of enumerated objections from the respondent. *Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 208–09 (Fed. Cl. 2009); *Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313 (Fed. Cl. 2008), *aff'd* No. 99–537V, 2008 WL 2066611 (Fed. Cl. Spec. Mstr. Apr. 22, 2008).

a. **Attorneys' Fees**

Petitioner request the following rates for the work of his counsel, Mr. Max Muller: $255.00 per hour for work performed in 2015, $275.00 per hour for work performed in 2016, $300.00 per hour for work performed in 2017, $317.00 per hour for work performed in 2018, $325.00 per hour for work performed in 2019, $350.00 per hour for work performed in 2020, $375.00 per hour for work performed in 2021, and $400.00 per hour for work performed in 2022. These rates are consistent with what Mr. Muller has previously been awarded for his Vaccine Program work and I find them to be reasonable herein for work performed in the instant case.

Turning next to review of the submitted billing statement, I find that the overall hours spent on this matter to be largely reasonable. The entries are reasonable and accurately describe the work being performed and the length of time it took to perform each task. However, I have identified

several entries billing for clerical tasks such as paralegals filing documents. Upon review, a reasonable reduction for this issue is $1,000.00. Therefore, Petitioner is entitled to final attorneys' fees of $88,635.70.

### b. Attorneys' Costs

Like attorneys' fees, a request for reimbursement of costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests total attorneys' costs in the amount of $33,475.56, representing acquisition of medical records, postage, work performed by Petitioner's medical expert, Dr. Lawrence Steinman, and travel costs to attend the entitlement hearing. I have reviewed the submitted invoices and they all appear reasonable for the work performed and submitted into the record. For the remainder of the costs, Petitioner has provided adequate documentation supporting all of the requested costs, and all appear reasonable in my experience. Petitioner is therefore entitled to the full amount of costs sought.

### III. Conclusion

In accordance with the foregoing, Petitioner's motion for attorneys' fees and costs is **GRANTED**. I find that Petitioner is entitled to a reimbursement of attorneys' fees and costs as follows:

| Attorneys' Fees Requested | $89,635.70 |
|---|---|
| (Reduction of Fees) | - ($1,000.00) |
| **Total Attorneys' Fees Awarded** | **$88,635.70** |
| | |
| Attorneys' Costs Requested | $33,475.56 |
| (Reduction of Costs) | - |
| **Total Attorneys' Costs Awarded** | **$33,475.56** |
| | |
| **Total Attorneys' Fees and Costs** | **$122,111.26** |

**Accordingly, I award a lump sum in the amount of $122,111.26, representing reimbursement for Petitioner's attorneys' fees, in the form of a check payable to Petitioner and his attorney, Mr. Maximillian Muller.[3]**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[4]

**IT IS SO ORDERED.**

---

[3] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs," and fees for legal services rendered. Furthermore, Section 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir. 1991).

[4] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).

**/s/Thomas L. Gowen**
Thomas L. Gowen
Special Master